CHAMBERS OF
PAUL W. GRIMM
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0670
(301) 344-3910 FAX

November 5, 2013

RE: *Daley v. United States*
    PWG-13-1109

## MEMORANDUM TO COUNSEL

This memorandum confirms the trial date that has been set in this case by the November 4, 2013 telephone conference, and it provides the schedule for this case and certain instructions relating to trial preparation.

| | |
|---|---|
| **Monday, June 30, 2014** | Deadline for Submitting Motions *In Limine* and Joint Pretrial Order |
| **Friday, July 18, 2014** at 10 a.m. | Pretrial Conference in Court |
| **Monday, August 4, 2014** at 9:30 a.m. | Two-Day Bench Trial to Begin |

### Guaranteeing Witness Availability

Absent emergency circumstances, a party will guarantee the presence at trial of any witness that party lists in the pretrial order, in accordance with Local Rule 106.2.i., as "expecting to present" at trial.

### Disclosure of Opinions of Expert Witnesses

In addition to the information required by Local Rule 106.2.j, the pretrial order shall include for each party a concise summary of the opinion testimony expected from each witness identified by that party pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B) who may testify at trial. The parties shall identify those witnesses designated pursuant to Rule 26(a)(2)(A) separately from those designated pursuant to Rule 26(a)(2)(B).

## Exhibits

Please be prepared to advise me at the pretrial conference if there are any objections to the documents and exhibits listed in the pretrial order in accordance with Local Rule 106.2.g. Any objections not disclosed at that time, other than objections under Fed. R. Evid. 401 and 403, shall be deemed waived at trial, unless excused for good cause shown. Fed. R. Civ. P. 26(a)(3).

All exhibits must be tagged and numbered prior to trial in accordance with Local Rule 106.7.a. You must meet with one another prior to trial to review and make available for copying one another's exhibits in accordance with Local Rule 106.7.b.

Copies of the parties' proposed exhibits must be in a three-ring binder. The parties should attempt to agree on the admissibility of all exhibits and inform the Court of those exhibits about which agreement cannot be reached. Those exhibits will be discussed at the pretrial conference. The parties should provide, in addition, impeachment exhibits each intends to offer into evidence at trial. Impeachment exhibits need not be disclosed to other parties.

## Use of Courtroom Equipment

Please be prepared to advise me at the conference if you would like to use at trial any courtroom equipment. The court has available for your use DVD players and monitors, x-ray boxes, and one electronic evidence presenter. The electronic evidence presenter may be reserved on a first come, first served basis in cases which are expected to last longer than one week and involve numerous documents.

## Trial Instructions

Please read carefully the attached memorandum entitled "Instructions To Counsel Regarding Trial Procedure And Conduct." You are responsible for knowing the contents of these instructions and all of the provisions of Local Rule 107 concerning trial conduct.

Although informal, this is an Order of the Court and shall be docketed as such.

/S/
Paul W. Grimm
United States District Judge

Attachments: (1)

lyb

INSTRUCTIONS TO COUNSEL REGARDING TRIAL PROCEDURE AND CONDUCT[1]

1. **Efficient Use of Courtroom Time**

You must always be on time. You must anticipate objections in order to avoid unnecessary bench conferences. When the jury is present, virtually every minute should be spent taking testimony.

2. **Exhibits**

A. You must pre-mark exhibits.

B. You should not formally move exhibits into evidence. Under Local Rule 107.5.b they are admitted when they are first mentioned during the questioning of a witness unless the opposing party objects or unless the party mentioning them asks that they be marked for identification only.

C. You may circulate exhibits to the jury without asking permission of the court provided you then continue with questioning.

D. If you plan to use exhibit books, you must first confer with opposing counsel about their contents and bring to the attention of the court any matters in dispute. You must provide copies for one lawyer per party, a copy for the witness, a copy for the judge, and (at your option) a copy for each juror.

3. **Witnesses**

A. You must treat witnesses with courtesy and respect and address them by their surnames (except persons under the age of 18).

B. You may not appear to address yourself to jurors when questioning a witness.

4. **Prohibited Questions and Remarks**

A. You may not ask a witness whether it "would surprise you to know" that a certain event occurred.

B. You may not ask "if I were to tell you that another witness testified to a certain fact, would you disagree with him?" (or "was she lying?" or "not telling the truth?")

C. You may not remind a witness that he is under oath or ask whether he expects the jury to believe his testimony.

5. **Movement In The Courtroom**

A. You must stand when addressing the court.

---

[1]These instructions are based in part on Local Rule 107. You must be fully familiar with all of the provisions of that Rule.

B. You may (unless recording or amplification equipment otherwise requires) ask questions of a witness from any fixed location in the well of the court but you may not ask questions while pacing around the courtroom.

C. You may approach a witness to show an exhibit without prior approval of the court but may not do so for any other reason.

D. When addressing jurors, you must stand a respectful distance away from them.

6. **Objections**

You may not make speaking objections or, unless invited to do so by the court, argue rulings in front of the jury.

7. **Opening Statements and Closing Arguments**

A. Unless otherwise ordered by the court, no opening statement or closing argument (including rebuttal argument) shall exceed one hour.

B. You must show opposing counsel any exhibit or demonstrative aid you intend to display to the jury during opening statement or closing argument and any new demonstrative aid you intend to display during closing argument.

C. During closing argument you may not state your personal opinion as to the merits of your case, the credibility of a witness, or the culpability of a civil litigant, or guilt or innocence of an accused.

8. **Exclusion of Witnesses Rule and Talking to Witnesses on the Stand**

Local Rule 107.7 describes the meaning of the exclusion of witness (sequestration) rule. Local Rule 107.14 describes when counsel may talk to a witness on the stand.

9. **Cell Phones and Other Electronic Devices**

You must turn off (and instruct your clients and witnesses to turn off) all sound on cell phones and other electronic devices before entering the courtroom.

10. **Food and Drink**

You may not bring any food or drink (other than water) into the courtroom. If you want to use bottled water, you must pour it into the pitchers provided by the court.

11. **Use of Courtroom Telephone Prohibited**

You may not use the courtroom telephone unless authorized by the court.